FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 26, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JESUS BIRRUETA-MENDOZA, <br><br> Defendant. | No. 1:24-mj-04012-ACE-1 <br><br> ORDER FOLLOWING DETENTION HEARING ON CRIMINAL COMPLAINT AND GRANTING THE UNITED STATES' MOTION FOR DETENTION <br><br> **MOTION GRANTED** <br> **(ECF No. 8)** |

On January 24, 2024, the Court held a detention hearing for Defendant JESUS BIRRUETA-MENDOZA. Defendant appeared while in custody assisted by federally certified Spanish interpreter Natalia Rivera and was represented by Assistant Federal Defender Paul Shelton. Assistant U.S. Attorney Mike Murphy represented the United States. U.S. Probation Officer Erica Helms was also present. Defendant consented to the proceedings being conducted by video with the Court presiding in Spokane, Defendant and his counsel appearing in Yakima, and the Government appearing in Yakima.

### I. DETENTION HEARING

The Government made factual proffers and argued there are no conditions the Court could impose that would reasonably assure Defendant's appearance as

ORDER - 1

required and/or the safety of any other person and the community. The Government proffered the Criminal Complaint and noted the large quantity of alleged methamphetamine in this case and Defendant's alleged central role in organizing the conduct referenced in the Complaint. ECF No. 1 at 2-5. The Government also noted Defendant's ties to Mexico and previous failures to appear for other court proceedings.

Defendant, through counsel, made factual proffers and argued there are conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community, including GPS monitoring and a cash security bond. Defendant noted that since he was last removed to Mexico in 2018, he returned to the United States and has remained here for approximately five years and he his currently employed.

The Court has reviewed and considered the United States' Motion for Detention, **ECF No. 8;** the Pretrial Services Report, ECF No. 13; the Supplemental Pretrial Services Report, ECF No. 23; the Criminal Complaint, ECF No. 1; and the arguments and proffers of counsel.

## II.    APPLICATION OF THE BAIL REFORM ACT

### A.    The Bail Reform Act Generally.

The Bail Reform Act, 18 U.S.C. §§ 3141–3150, 3156, governs detention pending trial and provides that a defendant shall be released unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *see also United States v. Gebro*, 948 F. 2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). Absent a statutory presumption of detention, the burden of proof to support a motion for detention rests with the United States, which must establish a defendant's risk of nonappearance by a preponderance of the evidence and a

ORDER ~ 2

defendant's dangerousness to the community by the higher standard of clear and convincing evidence. *Motamedi*, 767 F.2d at 1406–07. Here, the United States may seek Defendant's detention because this case involves a specified crime under the Controlled Substances Act. *See* ECF Nos. 1, 4; 18 U.S.C. § 3142(f)(1)(C).

To guide the Court's determination as to whether there are conditions of release that will reasonably assure Defendant's appearance and the safety of the community, the Court has considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g).

**B.    Rebuttable Presumption of Detention.**

The United States has also invoked a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A), asserting this case involves an offense under the Controlled Substances Act for which the maximum penalty is ten years or more in prison. *See* ECF No. 8 at 3. In a presumption case, the Court presumes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" if there is probable cause to believe that the person committed a qualifying offense. 18 U.S.C. § 3142(e)(3). The Court agrees that the rebuttable presumption applies in the instant case pursuant to 18 U.S.C. § 3142(e)(3)(A).

Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's flight risk and danger

ORDER - 3

to the community remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

Here, Defendant proffered that he would abide by all conditions imposed by the Court and was prepared to offer a modest, unspecified appearance bond if necessary. As set forth below and as stated during the hearing, on the facts of this case, after consideration of the detention factors set forth in 18 U.S.C. § 3142(g), Defendant's proffer and proposed release plan is insufficient to overcome the presumption of detention.

C.      **Nature and Circumstances of the Charged Offenses.**

While the Bail Reform Act does not abrogate Defendant's presumption of innocence and the Court presumes Defendant's innocence, the nature and circumstances of the charged offenses are very serious. Based on the Government's proffer, there is probable cause to believe Defendant is a trusted member of a drug trafficking organization who arranged, organized, and arrived at a predetermined date and time to conclude the sale of approximately 25 pounds of methamphetamine (after originally negotiating a sale of 50 pounds of methamphetamine for $60,000). ECF No. 1 at 2-5. These allegations carry very serious potential consequences. As a result of the nature and circumstances of the alleged offense, Defendant is charged with Possession with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), an offense that carries up to a lifetime term of imprisonment and a 10-year mandatory minimum term of imprisonment. ECF No. 4. Accordingly, Defendant faces a very substantial sentence of incarceration—much higher than

ORDER - 4

anything he has previously faced—and may be incentivized to both not appear for future proceedings and to actively flee prosecution. This factor weighs in favor of detention.

### D. Weight of the Evidence.

The Court considers the weight of the evidence as the least important factor regarding detention. *See Motamedi*, 767 F.2d at 1407; *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). There is probable cause to believe Defendant agreed to sell 50 pounds of methamphetamine to a confidential source and was then arrested after arriving at the appointed place and time with 25 pounds of suspected methamphetamine. ECF No. 1 at 2-5. Based on the current record before the Court, this factor weighs in favor of detention.

### E. Defendant's History and Characteristics.

Defendant is 25 and claims he has resided in the community continuously since 2018 when he first came to the United States from Mexico. ECF No. 23 at 1-2. Defendant does not appear to have legal status in the United States and was removed from the country on three prior occasions, all in 2018. *Id*. at 4. Defendant also appears to be employed, though his specific employer is unknown. *Id*. at 3. Defendant has several siblings who reside in the Benton County area along with his mother. *Id*. at 1-2. Aside from the previously noted prior removals from the United States, Defendant has a minimal criminal history consisting of a driving offense (no valid operator's license) from 2023 and a pending disorderly conduct charge. *Id*. at 4-5. Defendant, however, failed to appear for hearings regarding the disorderly conduct charge on two occasions, once in November 2023 and most recently in January 2024. *Id*. at 5.

While Defendant's criminal history is minimal, the Court cannot ignore that Defendant does not appear to have legal status in this country; Defendant has been removed from the United States on three prior occasions; Defendant has returned

ORDER - 5

to the United States despite notice that he does not have legal permission to return; and just a few weeks ago, Defendant failed to appear for another court hearing. On this record, Defendant is well aware that he now likely faces removal from the United States for a fourth time, regardless of the outcome of this case given that he has already been removed from the United States on three prior occasions before being charged with a serious federal drug trafficking felony. Accordingly, Defendant would be strongly incentivized to leave the United States and/or not appear for future proceedings in this case if he were released rather than risk a substantial federal prison term and then a fourth removal from the United States. This factor weighs in favor of Defendant's detention.

### F. Nature and Seriousness of the Danger to the Community Posed by Defendant's Release.

Finally, the Court must consider whether Defendant would pose an unacceptable risk to the safety of the community if released and whether any conditions could be imposed to reasonably mitigate any such risk. The allegations in the Superseding Indictment are of great concern and involve the alleged trafficking of a dangerous controlled substance. Nonetheless, Defendant is not accused of any acts of violence; Defendant has no history of violence; and Defendant did not possess a firearm or other dangerous weapon in conjunction with the alleged offense. On the record before the Court, it appears the Court could fashion conditions to mitigate any danger to the community posed by Defendant's release.

### III.  ORDER

The Court has reviewed and considered the United States' Motion for Detention, **ECF No. 8;** the Pretrial Services Report, ECF No. 13; the Supplemental Pretrial Services Report, ECF No. 23; the Criminal Complaint, ECF No. 1; and the arguments and proffers of counsel. Pursuant to 18 U.S.C. § 3142, the Court has

also considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g). The Court has also considered the presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A).

Based on all of the reasons set forth in this Order and during the hearing, after considering the 18 U.S.C. § 3142(g) factors, the Court finds that Defendant has not overcome the presumption of detention in this case pursuant to 18 U.S.C. § 3142(e)(3)(A). Additionally, for all the reasons stated in this Order and during the hearing, regardless of the presumption of detention in this case, the Court also finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at future proceedings. The Court finds the United States has not established by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of other persons or the community if Defendant were released.

**IT IS HEREBY ORDERED:**

1. The United States' Motion for Detention, **ECF No. 8**, is **GRANTED** subject to right to return before the Court should circumstances change. Defendant shall be held in detention pending disposition of this case or until further order of the Court.

ORDER - 7

2. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy. Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

5. If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a post-bail report and shall notify defense counsel prior to interviewing Defendant. If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

ORDER - 8

6. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED January 26, 2024.



JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 9