FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 31, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GERMAIN REYNA SAUCEDO,<br><br>Defendant. | No. 1:24-mj-04012-ACE-2<br><br>ORDER FOLLOWING<br>DETENTION HEARING<br>ON CRIMINAL COMPLAINT<br>AND RELEASING DEFENDANT<br><br>**MOTION DENIED**<br>**(ECF No. 10)** |

On January 24, 2024, the Court held a detention hearing for Defendant GERMAIN REYNA SAUCEDO. Defendant appeared while in custody represented by court-appointed counsel Troy Lee. Assistant U.S. Attorney Mike Murphy represented the United States. U.S. Probation Officer Erica Helms was also present.

### I.    DETENTION HEARING

Defendant consented to the proceedings being conducted by video with the Court presiding in Spokane, Defendant and his counsel appearing in Yakima, and the Government appearing in Yakima.

The Government made factual proffers and argued there are no conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. The Government proffered the Criminal Complaint and noted that a firearm was found on Defendant's person at the time of his arrest. ECF No. 1.

Defendant, through counsel, made factual proffers and argued there are conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the

ORDER - 1

community. Defendant proffered the Supplemental Pretrial Services Report and noted Pretrial Services recommends Defendant's release on conditions. ECF No. 24. Defendant also noted he is a naturalized U.S. citizen and has substantial ties to the community. *Id*. at 1-2. Defendant is married and has four children who live in the District. *Id*. Defendant also owns a home in the District and is a truck driver with his own business. *Id*. at 3. Defendant has no criminal history aside from one apparent law enforcement contact as a juvenile nearly 25 years ago. *Id*. at 2.

The Court has reviewed and considered the United States' Motion for Detention, **ECF No. 10;** the Pretrial Services Report, ECF No. 14; the Supplemental Pretrial Services Report, ECF No. 24, and the arguments and proffers of counsel.

## II.    APPLICATION OF THE BAIL REFORM ACT

### A.    The Bail Reform Act Generally.

The Bail Reform Act, 18 U.S.C. §§ 3141–3150, 3156, governs detention pending trial and provides that a defendant shall be released unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *see also United States v. Gebro*, 948 F. 2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). Absent a statutory presumption of detention, the burden of proof to support a motion for detention rests with the United States, which must establish a defendant's risk of nonappearance by a preponderance of the evidence and a defendant's dangerousness to the community by the higher standard of clear and convincing evidence. *Motamedi*, 767 F.2d at 1406–07. Here, the United States may seek Defendant's detention because this case involves a specified crime under the Controlled Substances Act. *See* ECF Nos. 1, 5; 18 U.S.C. § 3142(f)(1)(C).

ORDER - 2

To guide the Court's determination as to whether there are conditions of release that will reasonably assure Defendant's appearance and the safety of the community, the Court has considered:  1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release.  *See* 18 U.S.C. § 3142(g).

**B.** **Rebuttable Presumption of Detention.**

The United States has also invoked a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A), asserting this case involves an offense under the Controlled Substances Act for which the maximum penalty is ten years or more in prison.  *See* ECF No. 10 at 3.  In a presumption case, the Court presumes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" if there is probable cause to believe that the person committed a qualifying offense.  18 U.S.C. § 3142(e)(3).  The Court agrees that the rebuttable presumption applies in the instant case pursuant to 18 U.S.C. § 3142(e)(3)(A).

Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's flight risk and danger to the community remains with the Government.  *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other

ORDER - 3

evidence relevant to factors listed in § 3142(g)." *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

Here, Defendant proffered that he would abide by all conditions imposed by the Court. Defendant further noted his extensive ties to the community and lack of criminal history. As set forth below and as stated during the hearing, on the facts of this case, after consideration of the detention factors set forth in 18 U.S.C. § 3142(g), Defendant's proffer and proposed release plan is sufficient to overcome the presumption of detention as further explained below.

C.      **Nature and Circumstances of the Charged Offenses.**

While the Bail Reform Act does not abrogate Defendant's presumption of innocence and the Court presumes Defendant's innocence, the nature and circumstances of the charged offenses are very serious. Based on the Government's proffer, there is probable cause to believe Defendant participated in the transportation of approximately 25 pounds of methamphetamine to a drug deal and was then arrested. ECF No. 1 at 2-5. Defendant was also found to be in possession of a firearm at the time of his arrest, though Defendant is not prohibited from possessing firearms and the Government has not charged any firearms-related offenses in this case. Defendant's role in the offense is uncertain. Based on the Criminal Complaint, it appears that a Co-Defendant was much more involved in the alleged crime than Defendant.

These allegations carry very serious potential consequences. As a result of the nature and circumstances of the alleged offense, Defendant is charged with Possession with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), an offense that carries up to a lifetime term of imprisonment and a 10-year mandatory minimum term of imprisonment. ECF No. 5. Accordingly, Defendant faces a very substantial

ORDER - 4

sentence of incarceration for the first time in his life. Ultimately, this factor weighs in favor of detention.

### D. Weight of the Evidence.

The Court considers the weight of the evidence as the least important factor regarding detention. *See Motamedi*, 767 F.2d at 1407; *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). There is probable cause to believe Defendant was present for the anticipated sale of 25 pounds of suspected methamphetamine. ECF No. 1 at 2-5. Based on the current record before the Court, this factor weighs in favor of detention.

### E. Defendant's History and Characteristics.

Defendant is 38 years old and came to the United States from Mexico at the age of 4 years old. ECF No. 24 at 2. Defendant appears to have spent most of adult life in Prosser and Grandview, within the Eastern District of Washington. *Id.* Defendant applied for legal permanent residence status approximately 18 years ago and was required to reside in Mexico for three years during that process. *Id*. Defendant later became a naturalized United States citizen. *Id*. Defendant is married, has four children, and owns a small trucking business that appears to consist of a semitruck and trailer that he operates himself. *Id*. at 3. Defendant has no adult criminal history of any kind. *Id*. This factor weighs in favor of Defendant's release.

### F. Nature and Seriousness of the Danger to the Community Posed by Defendant's Release.

Finally, the Court must consider whether Defendant would pose an unacceptable risk to the safety of the community if released and whether any conditions could be imposed to reasonably mitigate any such risk. The allegations in the Superseding Indictment are of great concern and involve the alleged trafficking of a dangerous controlled substance. Nonetheless, Defendant is not

ORDER - 5

accused of any acts of violence; Defendant has no history of violence; and Defendant is employed through his trucking business.  On the record before the Court, it appears the Court could fashion conditions to mitigate any danger to the community posed by Defendant's release.  Accordingly, this factor weighs in favor release.

### III.   ORDER

The Court has reviewed and considered the United States' Motion for Detention, **ECF No. 10;** the Pretrial Services Report, ECF No. 14; the Supplemental Pretrial Services Report, ECF No. 24, and the arguments and proffers of counsel.  Pursuant to 18 U.S.C. § 3142, the Court has also considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release.  *See* 18 U.S.C. § 3142(g).  The Court has also considered the presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A).

Based on all of the reasons set forth in this Order and during the hearing, after considering the 18 U.S.C. § 3142(g) factors, the Court finds that Defendant has overcome the presumption of detention in this case pursuant to 18 U.S.C. § 3142(e)(3)(A).  Additionally, for all the reasons stated in this Order and during the hearing, the Court also finds by a preponderance of the evidence there are a combination of release conditions that will reasonably assure Defendant's appearance at future proceedings.  The Court also finds there are a combination of

conditions or release that will reasonably assure the safety of other persons or the community if Defendant were released.

**IT IS HEREBY ORDERED:**

1. The United States' Motion for Detention, **ECF No. 10** is **DENIED**.

2. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy.  Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

3. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

4. Defendant shall be released on the following conditions:

ORDER - 7

| | **RELEASE CONDITIONS** |
|---|---|
| 1 | Defendant shall not commit any offense in violation of federal, state, or local, or tribal law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, including tribal agencies, without providing notice to United States Probation. Defendant shall comply with all conditions of supervision imposed by other courts. |
| 2 | Defendant shall reside at an address approved by Pretrial Services and advise the Court, defense counsel and the U.S. Attorney in writing at least twenty-four hours before making any change in address or phone number. |
| 3 | Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. |
| 4 | Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished. |
| 5 | Defendant shall not possess a firearm, destructive device, or other dangerous weapon.  There shall be no firearms in the home where Defendant resides. |
| 6 | Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct. |
| 7 | Defendant shall contact defense counsel at least once a week. |
| 8 | Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. |
| 9 | Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal |

ORDER - 8

| | |
|---|---|
| | law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law. |
| **10** | Defendant shall surrender any passport and enhanced driver's license to Pretrial Services and shall not apply for replacements and any travel documents and/or passport for any country. |
| **11** | Defendant shall remain in the Eastern District of Washington while the case is pending. Defendant may be permitted to travel outside this geographical area *with advance notice and approval* from U.S. Probation. |
| **12** | Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers. |
| **13** | Defendant shall maintain or actively seek lawful employment. |
| **14** | Refrain from the excessive use of alcohol. |
| **15** | Defendant shall notify United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment. |
| **16** | Defendant shall submit to a UA test upon release from custody. |

**IT IS SO ORDERED**.

DATED January 31, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 9